# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
### DELTA DIVISION

**EDRIN ALLEN**                                                                 **PLAINTIFF**

**v.**                               **CASE NO. 2:20-CV-00132 BSM**

**GIBBS FERGUSON, in his official capacity**
**as City Attorney for McGehee, et al.**                                        **DEFENDANTS**

## ORDER

Edrin Allen's motion for a temporary restraining order and preliminary injunction [Doc. No. 2] is denied.

## I. BACKGROUND

Allen rents a house from Henry Penny in the city of McGehee, Arkansas. Allen Aff. ¶¶ 1–2, Doc. No. 3. Sadly, he lost his job on April 28, 2020, and was unable to get unemployment benefits. *See id.* ¶ 3. He was unable to pay rent for May and June. *See id.* ¶ 4. In mid-May, a deputy sheriff visited and told Allen that Penny was giving him until the end of June to move out. Allen responded that he could not be evicted without a court order. *Id.* ¶ 5. On June 3, another deputy gave Allen a notice to vacate. *Id.* ¶ 6. Penny told Allen that the sheriff's office would remove him from the house in ten days if Allen had not left by then. *Id.* ¶ 7. On June 12, a deputy threatened Allen with eviction if he did not move out within two days. *Id.* ¶ 8. Two days later, Allen had not been served or evicted. *Id.* ¶ 9.

Arkansas law dictates that refusal or failure to pay rent on the agreed-upon date causes the tenant to forfeit the right to occupy the rented property. Ark. Code Ann. § 18-16-101. After that, the landlord can give written notice to the tenant, who then has ten days to vacate

the property.  *Id.*  Failure to vacate within ten days of the notice is a misdemeanor.  *Id.*

In anticipation of eviction and subsequent prosecution, Allen filed this lawsuit challenging the statute's constitutionality and moved for a temporary restraining order and preliminary injunction.

## II. LEGAL STANDARD

A preliminary injunction is an extraordinary remedy.  *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 9 (2008).  Whether to grant such relief is within the sound discretion of the district court.  *See Lankford v. Sherman*, 451 F.3d 496, 503 (8th Cir. 2006). A party seeking a preliminary injunction must prove that: (1) it will suffer irreparable harm if the injunction is denied; (2) the harm to the movant, if the injunction is denied, outweighs the harm to the non-movant if the injunction is granted; (3) there is a likelihood of success on the merits; and (4) an injunction is in the public's interest.  *Gelco Corp. v. Coniston Partners*, 811 F.2d 414, 418 (8th Cir. 1987); *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981).  The same standards are applied to motions for temporary restraining orders.  *See S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989).

## III. DISCUSSION

The motion for a temporary restraining order and preliminary injunction is denied because Allen has not demonstrated a likelihood of success on the merits.  There is therefore no need to address the other elements of the preliminary injunction standard.

A.    Due Process

The Arkansas eviction statute has previously been held not to violate due process under the constitutions of Arkansas and the United States. *Duhon v. State*, 774 S.W.2d 830, 834 (Ark. 1989). Further, the Eighth Circuit has reversed a preliminary injunction enjoining enforcement of the eviction statute on due process grounds. *Munson v. Gilliam*, 543 F.2d 48, 50 (8th Cir. 1976).

In 2001, after these holdings, the statute was amended. *See* Foster, Lynn*, The Hands of the State:* 36 Univ. Ark. Little Rock L. Rev. 1, 11–13 (2013) (discussing the eviction statute's amendment in 2001). The statute was then held unconstitutional in state court. *See State v. Smith*, Case No. 2014-2707 (Pulaski Cnty. Cir. Ct., Jan. 20, 2015). The constitutionally offensive provisions, which required payment of all rent due into the court's registry prior to a plea of not guilty, were removed in 2017. *See* S.B. 25, 91st Gen. Assemb., Reg. Sess. (Ark. 2017). Thus, the statute was returned to the form held constitutional in *Duhon* and is constitutional.

The argument that the statute is void because it is vague or subject to abuse is unpersuasive. The ten-day notice provision gives sufficient time for a tenant to decide what to do. Further, the mere fact that a prosecutor might not charge for every single day of violation does not mean a tenant has no idea of his potential exposure—the potential exposure is the number of days of violation beyond the ten-day notice period, which is a determinate period.

B.      Right to Trial

The argument that the eviction statute violates Allen's right to trial is unpersuasive. The statute would not deny Allen the usual protections that come with any alleged civil or criminal violation, including the right to challenge the constitutionality of the statute in a state criminal proceeding. *See Munson*, 543 F.2d at 53–54 (detailing trial and appellate processes available). This is true even though the statute does not list procedural protections and says a person "shall be guilty of a misdemeanor." Ark. Code Ann. 18-16-101. Indeed this "shall" language is commonly used in criminal law as a sort of shorthand that implies conviction with all the usual procedural protections as a prerequisite to guilt. *See, e.g.*, 18 U.S.C. § 1955 (criminalizing operation of illegal gambling businesses), § 2317 (criminalizing sale or receipt of stolen livestock).

Allen argues the fines increasing for each day of violation could curb his right to trial by effectively forcing him to choose between vacating the property or maintaining his innocence and risking paying a hefty fine after trial. A criminal defendant usually has to actually be sentenced to challenge the penalties imposed. *Cf. Duffner v. City of St. Peters*, 930 F.3d 973, 977 (8th Cir. 2019) ("[T]he merits of an Eighth Amendment claim would depend on the specific penalties, if any, that are imposed."). This is unlike First Amendment cases, where pre-enforcement challenges are allowed to avoid a chilling effect, *see, e.g.*, *281 Care Comm. v. Arneson*, 638 F.3d 621, 628 (8th Cir. 2011), because there is no right to occupy rented property without paying rent.

4

C.     Cruel and Unusual Punishment

Claims under the Arkansas Constitution's prohibition on cruel and unusual punishment are analyzed the same as cruel and unusual punishment claims under the Eighth Amendment. *Lenz v. Wade*, 490 F.3d 991, 994 n.3 (8th Cir. 2007).   The eviction statute carries with it a misdemeanor fine of not less than $1 and not more than $25 for each day beyond the initial ten days after notice is received. Ark. Code Ann. § 18-16-101.  Excessive fines and cruel and unusual punishment claims are analyzed under similar standards that ask whether the fine or punishment is proportionate to the offense. *See Mills v. City of Grand Forks*, 614 F.3d 495, 501 (8th Cir. 2010); *Neal v. Grammer*, 975 F.2d 463, 465 (8th Cir. 1992).  Evicting a tenant who does not pay rent is reasonable and proportionate, even if the tenant's circumstances are unfortunate, unlucky, or not the tenant's fault. *See, e.g.*, *Dep't of Housing & Urban Dev. v. Rucker*, 535 U.S. 125, 134 (recognizing that "no-fault" eviction is a common practice).  The fine is also proportionate given that it is small and a tenant in violation of the statute is essentially staying in a residence without paying rent.  Finally, a fine would have to be imposed before it could be ruled unconstitutional. *See Duffner*, 930 F.3d at 977.

IV. CONCLUSION

For the foregoing reasons, Allen's motion for a temporary restraining order and preliminary injunction [Doc. No. 2] is denied.

IT IS SO ORDERED this 17th day of June, 2020.

_____
UNITED STATES DISTRICT JUDGE