FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 23 2020

JAMES W. McCORMACK, CLERK
By: _____
                           DEP CLERK

IN THE UNISTED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

EDRIN ALLEN                                                    PLAINTIFF

VS.                      No. 2:20-CV-132-BSM

GIBBS FERGUSON , et al                                         DEFENDANTS

## SEPARATE ANSWER OF GIBBS FERGUSON

Defendant Gibbs Ferguson denies that he is a city official elected pursuant to A.C. A. 14-43-314 with authority to prosecute misdeameanor offenses that occur within the municipality of McGehee.

## MOTION TO DISMISS

Defendant moves to dismiss Plaintiff's Complaint on the basis of the common law doctrine of DE INJURIA.

## BRIEF IN SUPPORT OF DEFENDANT'S

## MOTION TO DISMISS

In 1973 I began serving as the elected City Attorney for McGehee and the appointed Deputy Prosecuting Attorney for Desha County, positions held through 1989 when I began serving as the elected McGehee Municipal Judge/Desha County District Judge, McGehee Department through 2015, whereupon I became retired.

A. C. A. 14-43-319 provides that in mayor-counsel cities of fewer than 5,000 the office of city attorney may by ordinance be appointed. Ordinance No. 759, passed Jan. 9, 2007, made the office such. When the appointed city attorney was elected state district judge for Desha and Chicot counties in 2016, I volunteered to serve as appointed city attorney without pay as a service to my community, also serving as volunteer county civil attorney upon request. I do not prosecute city or county cases in district court. The city pays the Desha County Deputy Prosecutor to prosecute city cases.

In my 16 years as city attorney/deputy prosecutor and my 27 years as municipal/district judge never once was anyone incarcerated or fined under A. C. A. 18-16-101. In my 27 years of perfect attendance at both spring and fall seminars for municipal/district judges and having served as president of the Arkansas Municipal Judges Council I had occasion to talk to judges from across the state about how they dealt with evictions under this statute.

Here's how it would go in my experience and with the rest of the judges I talked to : most delinquent tenants would vacate upon receiving the notice of potential prosecution. In very few cases the tenant would not vacate and the landlord would sign an affidavit, causing a criminal summons, not an arrest, to be served requiring a court appearance. In court the tenant would be asked why he had not vacated. It might be loss of job, medical problems, etc. but in most cases it was not being able to find a place to go. In McGehee and probably in many other small towns there is a terrible shortage of affordable rental property. The defendant would then be given another court date and required to report his efforts to relocate. In every case I dealt with the landlord would report that the tenant had moved and the case would be dismissed-no criminal record. Every judge I talked to did pretty much the same and agreed with me that A.C.A. 18-16-101 was an effective tool for a delinquent renter to be motivated to find housing he

could afford and to allow a landlord to recover his property and provide affordable housing for others in need of housing;

On 6-17-20 I received a telephone call from a Rev. Jackson, owner of the property at 113 Pecan Street, asking what I would suggest he might do in light of the litigation concerning his eviction effort. I told him his choices were to wait to see how this case turned out, which could take a year or more, depending on whether the Arkansas Attorney General chooses to defend, or he could proceed as suggested on page 14 of Plaintiff's brief, under one of several civil remedies to evict non-paying tenants and achieve the exact same results without the terrible stigma and irreversible consequences of a criminal conviction of the tenant. He could, pursuant to A.C.A. 18-17-902, send his agent, Henry Penny, back out to the district court clerk, pay the filing fee, sign an affidavit, have another 10 day notice to vacate served and most likely end up after a month or two with an order for Edrin Allen to be removed from the premises by Sheriff Larry Allen, removed to where the statute does not specify- the county jail? the street? a homeless shelter?

Rev. Jackson said he would send his agent back out to the clerk's office to begin eviction under A. C. A. 18-17-902. Therefore by the time this case is decided the Plaintiff will most likely be evicted with only the issue remaining being the constitutionality of A.C.A. 18-16-101 and if the decision is to declare the statute unconstitutional then ACLU, et al can congratulate themselves for having laid to rest the inherently evil Arkansas criminal eviction statute that has inflicted so much cruel and unusual punishment on its citizens. In such eventuality perhaps the legislature should consider better facilitating landlords and tenants with delinquent rent and eviction issues and the resolution of those issues by amending A.C.A. 18-17-902 to eliminate the filing fee and requiring the district court to expedite the hearing if there is no vacation after the

10 day notice is served.

*GIBBS FERGUSON, ATTORNEY*

GIBBS FERGUSON, ATTORNEY

209 OAK STREET

MCGEHEE, AR 71654

ARKANSAS BAR NO. 71030

## CERTIFICATE OF SERVICE

The foregoing pleading served on Plaintiff by mailing a copy to his attorney, Amy Pritchard, 1201 McMath Avenue, Little Rock, AR 72201 by regular U. S. Mail on June 19, 2020.

*GIBBS FERGUSON*

GIBBS FERGUSON, ATTORNEY