**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**DELTA DIVISION**

**EDRIN ALLEN** **PLAINTIFF**

**V.** **CASE NO. 2:20-cv-132-BSM**

**GIBBS FERGUSON, in his official capacity as City Attorney for McGehee; LARRY ALLEN, in his official capacity as Sheriff for Desha County; SARAH FARRAR-PHILLIPS, in her official capacity as Chief Clerk of the 27th State District Court (McGehee Department); and HENRY PENNY** **DEFENDANTS**

**AMENDED AND SUBSTITUTED ANSWER OF GIBBS FERGUSON**

COMES NOW, Separate Defendant, Gibbs Ferguson, in his official capacity, by and through undersigned counsel, and for his Amended and Substituted Answer, herein states:

1. Paragraph 1 of Plaintiff's Complaint merely states that Plaintiff is brining this lawsuit under 42 U.S.C. § 1983, and as such no response is necessary. However, to the extent that this Court deems a response necessary, Separate Defendant denies any and all allegations of wrongdoing alleged.

2. Paragraph 2 of Plaintiff's Complaint contains legal conclusions, and as such no response is necessary. To the extent a response is deemed necessary, Separate Defendant denies the same.

3. Separate Defendant denies that Plaintiff is entitled to the relief requested in Paragraph 3 of Plaintiff's Complaint due to his complete denial of any and all wrongdoing alleged.

**JURISDICTION AND VENUE**

4. Paragraph 4 of Plaintiff's Complaint is jurisdictional in nature, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same due to his complete denial of any and all wrongdoing alleged.

5. Paragraph 5 of Plaintiff's Complaint is jurisdictional in nature, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same due to his complete denial of any and all wrongdoing alleged.

6. Paragraph 6 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same due to his complete denial of any and all wrongdoing alleged.

**PARTIES**

7. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint, therefore, they are denied.

8. Separate Defendant admits that he is the City Attorney for the City of McGehee, however specifically denies that he is elected pursuant to Ark. Code Ann. § 14-43-314. Separate Defendant also specifically denies that he has the authority to prosecutor misdemeanor offenses that occur within the municipality of McGehee in the name of the State of Arkansas. Separate Defendant denies the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint and any and all wrongdoing alleged.

9. Separate Defendant admits that Larry Allen is the Sheriff of Desha County, Arkansas. Separate Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 9 of Plaintiff's Complaint, therefore they are denied.

10. Separate Defendant admits that Sarah Farrar-Phillips is the Chief Clerk for the McGehee Department of the Desha County District Court. Separate Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 10 of Plaintiff's Complaint, therefore they are denied.

11. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph1 11 of Plaintiff's Complaint, therefore it is denied.

## FACTUAL ALLEGATIONS

### FACTS RELATING TO PLAINTIFF EDRIN ALLEN

12. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint, therefore it is denied.

13. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint, therefore it is denied.

14. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint, therefore it is denied.

15. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 15 of Plaintiff's Complaint, therefore it is denied.

16. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint, therefore it is denied.

17. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of Plaintiff's Complaint, therefore it is denied.

18. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint, therefore it is denied.

19. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of Plaintiff's Complaint, therefore it is denied.

20. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of Plaintiff's Complaint, therefore it is denied. Separate Defendant specifically denies any and all wrongdoing alleged.

21. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of Plaintiff's Complaint, therefore it is denied. Separate Defendant specifically denies any and all wrongdoing alleged.

22. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 22 of Plaintiff's Complaint, therefore it is denied. Separate Defendant specifically denies any and all wrongdoing alleged.

23. Separate Defendant states that Exhibit A speaks for itself. To the extent that any wrongdoing is alleged in Paragraph 23 of Plaintiff's Complaint, Separate Defendant denies said allegations.

24. Separate Defendant states that Exhibit A speaks for itself. To the extent that any wrongdoing is alleged in Paragraph 24 of Plaintiff's Complaint, Separate Defendant denies said allegations.

25. Separate Defendant states that Exhibit A speaks for itself. To the extent that any wrongdoing is alleged in Paragraph 25 of Plaintiff's Complaint, Separate Defendant denies said allegations.

26. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint, therefore, it is denied. Separate Defendant specifically denies any and all wrongdoing alleged.

27. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 27 of Plaintiff's Complaint, therefore, it is denied. Separate Defendant specifically denies any and all wrongdoing alleged.

28. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint, therefore, it is denied. Separate Defendant specifically denies any and all wrongdoing alleged.

29. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 29 of Plaintiff's Complaint, therefore, it is denied. Separate Defendant specifically denies any and all wrongdoing alleged.

30. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 30 of Plaintiff's Complaint, therefore, it is denied. Separate Defendant specifically denies any and all wrongdoing alleged.

31. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 31 of Plaintiff's Complaint, therefore, it is denied. Separate Defendant specifically denies any and all wrongdoing alleged.

32. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 32 of Plaintiff's Complaint, therefore, it is denied. Separate Defendant specifically denies any and all wrongdoing alleged.

**STATUTORY BACKGROUND REGARDING "CRIMINAL EVICTION"**

33. Paragraph 33 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

34. Paragraph 34 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

35. Paragraph 35 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

36. Paragraph 36 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

37. Paragraph 37 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

38. Paragraph 38 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

39. Paragraph 39 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

40. Paragraph 40 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

41. Paragraph 41 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

42. Paragraph 42 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

43. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 43 of Plaintiff's Complaint, therefore it is denied. Separate Defendant specifically denies any and all wrongdoing alleged.

44. Paragraph 43 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

45. Paragraph 44 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

46. Paragraph 46 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

47. Paragraph 47 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

48. Paragraph 48 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

49. Paragraph 49 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

50. Paragraph 50 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

51. Paragraph 51 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

## COUNT ONE

### Violation of Due Process Clause of Fourteenth Amendment

52. Paragraph 52 of Plaintiff's Complaint merely incorporates by reference all the preceding paragraphs of Plaintiff's Complaint, therefore, no response is necessary. To the extent a response is deemed necessary, Separate Defendant denies any and all wrongdoing alleged.

53. Paragraph 53 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

54. Paragraph 54 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

55. The allegations contained in Paragraph 55 of Plaintiff's Complaint do not seem to be aimed at Separate Defendant. Regardless, Separate Defendant is without sufficient knowledge

or information to admit or deny the allegations contained in Paragraph 55 of Plaintiff's Complaint. Separate Defendant specifically denies any and all wrongdoing alleged.

56. The allegations contained in Paragraph 56 of Plaintiff's Complaint do not seem to be aimed at Separate Defendant. Regardless, Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 56 of Plaintiff's Complaint. Separate Defendant specifically denies any and all wrongdoing alleged.

**COUNT TWO**

**Violation of Procedural Due Process Under the Arkansas Constitution**

57. Paragraph 57 of Plaintiff's Complaint merely incorporates by reference all the preceding paragraphs of Plaintiff's Complaint, therefore, no response is necessary. To the extent a response is deemed necessary, Separate Defendant denies any and all wrongdoing alleged.

58. Paragraph 58 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

59. Paragraph 59 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

60. The allegations contained in Paragraph 60 of Plaintiff's Complaint do not seem to be aimed at Separate Defendant. Regardless, Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 60 of Plaintiff's Complaint. Separate Defendant specifically denies any and all wrongdoing alleged.

61. The allegations contained in Paragraph 61 of Plaintiff's Complaint do not seem to be aimed at Separate Defendant. Regardless, Separate Defendant is without sufficient knowledge

or information to admit or deny the allegations contained in Paragraph 61 of Plaintiff's Complaint. Separate Defendant specifically denies any and all wrongdoing alleged.

**COUNT THREE**

**Violation of Constitutional Right to Trial**

62. Paragraph 62 of Plaintiff's Complaint merely incorporates by reference all the preceding paragraphs of Plaintiff's Complaint, therefore, no response is necessary. To the extent a response is deemed necessary, Separate Defendant denies any and all wrongdoing alleged.

63. Paragraph 63 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

64. Paragraph 64 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

65. Paragraph 65 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

66. Paragraph 66 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

**COUNT FOUR**

**Violation of the Prohibition of Cruel and Unusual Punishment**
**Under the United States Constitution**

67. Paragraph 67 of Plaintiff's Complaint merely incorporates by reference all the preceding paragraphs of Plaintiff's Complaint, therefore, no response is necessary. To the extent a response is deemed necessary, Separate Defendant denies any and all wrongdoing alleged.

68. Paragraph 68 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

69. Paragraph 69 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

70. Separate Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 70 of Plaintiff's Complaint, therefore it is denied. Separate Defendant specifically denies any and all wrongdoing alleged.

71. Paragraph 71 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

## COUNTY FIVE

### Violation of the Prohibition of Cruel and Unusual Punishment Under the Arkansas Constitution

72. Paragraph 72 of Plaintiff's Complaint merely incorporates by reference all the preceding paragraphs of Plaintiff's Complaint, therefore, no response is necessary. To the extent a response is deemed necessary, Separate Defendant denies any and all wrongdoing alleged.

73. Paragraph 73 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

74. Paragraph 74 of Plaintiff's Complaint contains legal conclusions, thus no response is necessary. To the extent that a response is deemed necessary, Separate Defendant denies the same. Separate Defendant specifically denies any and all wrongdoing alleged.

75. Separate Defendant denies that Plaintiff is entitled to the relief requested in the WHEREFORE paragraph of Plaintiff's Complaint, including sub-paragraphs A-D. Separate Defendant specifically denies any and all wrongdoing alleged.

76. Separate Defendant requests a jury trial on all issues remaining at that time.

77. Separate Defendant denies each and every allegation not specifically admitted herein.

78. Separate Defendant reserves the right to plead further upon additional investigation an discovery, to include an amended answer.

**AFFIRMATIVE DEFENSES**

1. Plaintiff has failed to state facts or a claim upon which relief can be granted.

2. Separate Defendant asserts that Plaintiff's rights were not violated.

3. Separate Defendant is entitled to statutory, tort, qualified, and punitive damages immunity under all applicable doctrines of immunity pursuant to state and federal law including but not limited to Ark. Code Ann. § 21-9-301.

4. Separate Defendant asserts all affirmative defenses listed in Fed. R. Civ. P. 8(c) to the extent deemed applicable.

5. Separate Defendant asserts lack of standing as deemed applicable.

6. Separate Defendant asserts that Plaintiff's alleged injuries did not occur as a result of any custom, policy or practice of the City of McGehee.

7. Separate Defendant denies that the City of McGehee can be held liable to Plaintiff under the theory of *respondeat superior*.

8. Separate Defendant asserts any applicable defenses under the Arkansas Civil Justice Reform Act.

9. Punitive damages are not recoverable against a municipality as a matter of law.

10. Separate Defendant reserves the right to plead further herein as may become necessary after discovery.

WHEREFORE, Separate Defendant respectfully requests this Court dismiss Plaintiff's Complaint against him, and for all other just and proper relief to which there is entitlement.

Respectfully submitted,

**SEPARATE DEFENDANT**
**GIBBS FERGUSON, in his official capacity**

Jenna Adams, Ark. Bar No. 2015082
Attorney at Law
P.O. Box 38
North Little Rock, AR 72115
Telephone (501) 978-6115
Facsimile (501) 978-6558
jenadams@arml.org