**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION**

**EDRIN ALLEN**                                                                                           **PLAINTIFF**

**V.**                                       **CASE NO. 2:20-cv-132-BSM**

**GIBBS FERGUSON, in his official capacity as
City Attorney for McGehee; LARRY ALLEN,
in his official capacity as Sheriff for Desha County;
SARAH FARRAR-PHILLIPS, in her official
capacity as Chief Clerk of the 27th State District Court
(McGehee Department); and HENRY PENNY**                                **DEFENDANTS**

**SEPARATE DEFENDANT GIBBS FERGUSON'S
BRIEF IN SUPPORT OF
MOTION FOR JUDGMENT ON THE PLEADINGS**

COMES NOW, Separate Defendant, Gibbs Ferguson, in his official capacity, by and through undersigned counsel, and for his Brief in Support of Motion for Judgment on the Pleadings, herein states:

**INTRODUCTION**

Plaintiff, Edrin Allen ("Mr. Allen"), brought suit against Separate Defendant Gibbs Ferguson, in his official capacity only[1] ("the City"), on June 15, 2020 challenging the constitutionality of Ark. Code Ann. § 18-16-101 by and through 42 U.S.C. § 1983. For the reasons more fully stated herein, Plaintiff's claims should be dismissed. First, Plaintiff's Complaint fails to allege that a particular policy, custom or practice of the City of McGehee acted as the motivating force behind any alleged constitutional violation. Second, Plaintiff has failed to state a claim against Separate Defendant. And finally, Plaintiff's only request for relief against Separate Defendant has already been denied by this Court and Plaintiff's remaining claim fails on the merits.

---

[1] Plaintiff's lawsuit against Gibbs Feguson in his official capacity is tantamount to a suit against the City of McGehee. *Kentucky v. Graham*, 473 U.S. 159, 165 (1989).

## **STANDARD OF REVIEW**

Fed. R. Civ. P. 12(c) and (d) provides:

> After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings. If, on a motion under 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Rule 12(c) motions should be reviewed under the same standards that govern Fed. R. Civ. Proc. 12(b)(6) motions. *Westcott v. City of Omaha*, 901 F.2d 1486, 1488 (8th Cir. 1990). "Meritless claims should be disposed of at the first opportunity." *Hungate v. United States*, 626 F.2d 60,62 (8th Cir. 1980). For purposes of the motion only, courts should assume the well-pled factual allegations in the complaint are true, but should not blindly accept the complainants' legal conclusions. *Westcott*, 901 F.2d at 1488. However, Plaintiffs' allegations should not be deemed admitted for any other purpose.

A motion to dismiss is appropriately granted where a plaintiff fails to plead sufficient facts to state a claim for relief that is facially plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 566 U.S. at 678. Plausibility determinations must be made as a "context-specific task," and must be performed in light of a court's "judicial experience and common sense." *Id.* at 679. As stated, Plaintiffs' legal conclusions have no bearing and must not be accepted as true when assessing a motion to dismiss even where a plaintiff attempts to couch them as factual allegations. *Papsan v. Allain*, 478 U.S. 265, 286 (1986).

**ARGUMENT**

I. **Gibbs Ferguson, in his official capacity ("the City"), must be dismissed because there is no allegation that a particular policy, custom, or practice of the City acted as the motivating force behind any alleged constitutional violation.**

Plaintiff has sued Gibbs Ferguson, in his official capacity only, as the City Attorney for the City of McGehee. Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; in this case, the City of McGehee. *Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (citing *Hafer v. Melo*, 502 U.S. 21, 25 (1991)). The City may be held liable only if an official municipal policy or widespread custom is the moving force behind a constitutional violation. *Wedemeier v. City of Ballwin, Mo.*, 931 F.2d 24, 26 (8th Cir. 1991). The policy or custom requirement means that a municipality cannot be held vicariously liable for its employees' unconstitutional acts. *Monell v. Dept of Social Servs.*, 436 U.S. 658, 691 (1978); *see also Springdale Educ. Assn. v. Springdale Sch. Dist.*, 133 F.3d 649, 651 (8th Cir. 1998) (local government cannot be held liable under § 1983 on respondeat superior theory).

Additionally, liability may be imposed not only where the challenged conduct executes or implements a formally adopted policy, but also where the conduct reflects practices of government officials "so permanent and well settled as to constitute a 'custom or usage' with the force of law." *Monell*, 436 U.S. at 691 (quoting *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 167-68 (1970)); *see also Springdale Educ. Assn.*, 133 F.3d at 651. To establish the existence of a municipal custom, Plaintiff must demonstrate: (1) the existence of a widespread, continuing pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to, or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that he was injured by acts pursuant to the alleged custom. *Thelma D. ex. rel. Delores A. v. Bd. of Educ.,* 934 F.2d 929, 932– 33 (8th Cir. 1991). "To

establish a city's liability based on its failure to prevent misconduct by employees, the plaintiff must show that city officials had knowledge of <u>prior</u> incidents of police misconduct and deliberately failed to take remedial action." *Andrews v. Fowler*, 98 F.3d 1069, 1075 (8th Cir. 1996) (emphasis supplied) (quoting *Parrish v. Luckie*, 963 F.2d 201, 204 (8th Cir. 1992).

First, while Plaintiff's Complaint alleges that the Desha County Sheriff's Office has a policy, practice and procedure which he alleges violates his rights [Plaintiff's Complaint, ¶¶ 55, 60], Plaintiff's Complaint fails to identify or cite to <u>any</u> official policy or custom of the City of McGehee that is so widespread that it has the force of law, and would be responsible for the alleged harm. This failure alone is grounds for dismissal of the City from this suit, with prejudice, per a previous ruling by the United States Court of Appeals for the Eighth Circuit *Springdale Educ. Assn.* 133 F.3d at 652-53 (affirming dismissal by District Court of complaint failing to allege policy or custom). Furthermore, Plaintiff fails to allege facts that establish a violation of his constitutional rights based on policy, custom, or practice. Rather, the allegations in Plaintiff's Complaint are merely conclusory, and such allegations are not entitled to be considered as true to survive a motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).

Thus, because Plaintiff has not alleged that a particular policy, custom, or practice of the City was the motivating force behind any alleged constitutional violation, all claims against the City must be dismissed.

**II.   <u>Plaintiff has failed to state a claim against Separate Defendant.</u>**

Mr. Allen's claims against the Gibbs Ferguson in his official capacity should be dismissed pursuant to Fed. R. Civ. P. 12(c) for failure to state a claim. Plaintiff's stated claim for relief must be "plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

In his complaint, Mr. Allen fails to state <u>any</u> facts specific to the City to show that it violated any of his rights. In fact, the only time Gibbs Ferguson is even mentioned in Plaintiff's Complaint is in Paragraph 8 under the section titled "Parties," and in Plaintiff's Prayer for Relief requesting a temporary restraining order, preliminary injunction, and permanent injunction against Mr. Ferguson in his official capacity. **Plaintiff's Complaint, p. 2, 11.** Mr. Allen never states any specific facts as to how Gibbs Ferguson or the City were involved or might have violated his rights. At best, Mr. Allen makes "mere conclusions" and general statements, which are not sufficient to adequately state a claim. *See Hollingsworth*, 311 Ark. at 639. Because Plaintiff has failed to state any facts or claims against Gibbs Ferguson in his official capacity, or the City of McGehee, Plaintiff's Complaint should be dismissed against Separate Defendant.

### III.     Plaintiff's only request for relief against Separate Defendant has already been denied by this Court and Plaintiff's remaining claim fails on the merits.

In his Complaint, Mr. Allen is only seeking the following: (1) declaratory judgment declaring that Ark. Code Ann. § 18-16-101 violates the United States Constitution and Arkansas law; and (2) a temporary restraining order, preliminary injunction, and a permanent injunction prohibiting Defendants Ferguson and Allen, in their official capacities, from enforcing § 18-16-101 and prohibiting Defendant Farrar-Phillips from issuing notices to vacate based on the Arkansas Criminal Evictions statute. **Plaintiff's Complaint, p. 11**. This Court has already denied Plaintiff's request for a temporary restraining order and preliminary injunction against Separate Defendant. **ECF Doc. No. 6**. Thus, the only remaining relief requested is a declaratory judgment regarding the constitutionality of the Arkansas eviction statute.

As noted by this Court in its Order denying Plaintiff's motion for a temporary restraining order and preliminary injunction, the Arkansas eviction statute has previously been held not to violate due process under the constitutions of Arkansas and the United States. *Duhon v. State*, 774 S.W.2d 830, 834 (Ark. 1989). Thus, because the Arkansas Supreme Court has already deemed the eviction statute to be constitutional, Plaintiff fails to state a claim upon which relief may be sought and his Complaint should be dismissed against Separate Defendant.

## CONCLUSION

For all of the reasons stated herein, Plaintiff's claims should be dismissed against Separate Defendant as a matter of law.

WHEREFORE, Separate Defendant respectfully requests this Court dismiss Plaintiff's Complaint against it, and for all other just and proper relief to which there is entitlement.

Respectfully submitted,

**SEPARATE DEFENDANT**
**GIBBS FERGUSON, in his official capacity**

Jenna Adams, Ark. Bar No. 2015082
Attorney at Law
P.O. Box 38
North Little Rock, AR 72115
Telephone (501) 978-6115
Facsimile (501) 978-6558
jenadams@arml.org